**In the Matter of the Arbitration Between William COLAVITO, as President of Shopmen's Local Union No. 455, International Association of Bridge, Structural and Ornamental Iron Workers, AFL–CIO, Petitioner,**

**and**

**HOCKMEYER EQUIPMENT CORPORATION,
Respondent.**

No. 83 Civ. 7375(WCC).

United States District Court,
S.D. New York.

April 8, 1985.

Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for petitioner; Vicki Erenstein, of counsel.

Giblin & Giblin, Hackensack, N.J. for respondent; Paul J. Giblin, Jr., David A. Biederman, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Petitioner William Colavito ("Colavito"), as President of Shopmen's Local 455, Inter-

national Association of Bridge, Structural and Ornamental Workers, AFL–CIO ("the Union"), commenced this action pursuant to the United States Arbitration Act, 9 U.S.C. § 9 ("the Arbitration Act"), and the Labor Management Relations Act, 29 U.S.C. § 185(a). He seeks herein an order confirming three New York arbitral awards rendered against respondent Hockmeyer Equipment Corporation ("Hockmeyer") in connection with alleged violations of a collective bargaining agreement between the Union and Hockmeyer. He also seeks attorney's fees. Respondent has moved to dismiss the petition to confirm on grounds that the Court lacks personal jurisdiction and that petitioner failed to comply with the relevant statute of limitations. In the alternative, Hockmeyer seeks vacatur of two of the three awards under 9 U.S.C. § 10, citing the "evident partiality" of arbitrator Nathan Cohen. For the reasons below, Colavito's petition to confirm is granted in all respects and Hockmeyer's cross-petition is denied.

*Background*

Colavito's petition, which was filed on October 7, 1983, involves three areas of dispute. The first concerns Hockmeyer's assignment of non-bargaining-unit employees to perform work previously performed by a foreman named Parilla, following Parilla's involuntary reassignment to another position. The dispute was submitted to arbitration in accordance with the parties' collective bargaining agreement, and hearings were subsequently held before George Moskowitz, an arbitrator appointed by the American Arbitration Association. On October 12, 1982, Moskowitz rendered an award in which he concluded that Hockmeyer had violated the collective bargaining agreement. He ordered respondent to reinstate Parilla to his position as a foreman, and to reimburse another employee for losses he incurred in a layoff resulting from Parilla's wrongful re-assignment. According to Colavito, Hockmeyer has taken no steps to comply with the provisions of the award. Petition to Confirm at ¶¶ 5–11.

With reference to the second dispute, the Union asserts that Hockmeyer violated the collective bargaining agreement by giving bargaining-unit work to a non-unit individual. It contends, moreover, that the matter was duly presented to arbitrator Nathan Cohen, and that Cohen rendered an award in favor of the Union on September 10, 1983. The award required that Hockmeyer assign certain work only to employees in the bargaining unit, and that it remedy the violation by making certain contributions to employee benefit trust funds. According to Colavito, respondent has failed to comply with these terms. Pet. to Confirm at ¶¶ 13–22.

Finally, Colavito asserts that Hockmeyer has failed to comply with the terms of another award rendered in favor of the Union by arbitrator Cohen, this one in connection with a dispute over respondent's failure to provide a covered employee with vacation benefits. The award, dated August 29, 1983, directed Hockmeyer to reimburse the employee either in wages or paid time off. Pet. to Confirm at ¶¶ 24–29.

Respondent filed an answer and a counter-petition on November 7, 1983, asserting that its contacts with New York are insufficient to confer personal jurisdiction under New York's Civil Practice Law and Rules ("C.P.L.R."), and that the petition is barred by New Jersey's three-month statute of limitations. For reasons not at all apparent to the Court, Hockmeyer also asserts that Colavito's action fails to state a claim upon which relief can be granted. According to Hockmeyer, these grounds mandate dismissal of Colavito's petition.

With respect to the two awards rendered by Nathan Cohen, Hockmeyer asserts that they should be vacated for the additional reason that they were "procured by evident partiality of the arbitrator." Counter-Pet. at p. 5, ¶ 12. Respondent contends specifically that the awards were improper because Cohen was "compensated by the same funds to which the respondent has been directed to contribute." *Id.*

DISCUSSION

Respondent's attempt to avoid compliance with these arbitration awards on personal jurisdiction and statute of limitations

grounds cannot succeed. For the reasons below, Section 9 of the Arbitration Act confers upon this Court both subject matter jurisdiction over the controversy and personal jurisdiction over Hockmeyer. It also provides a one-year limitation period.

*Jurisdiction*

Section 9 of the Arbitration Act provides that if the parties have agreed that "a judgment of the court shall be entered upon the award" and have specified the court, an application to confirm the award may be made in that court. Section 9 goes on to state that when no court is specified in the parties' agreement, an application to confirm may be made "to the United States court in and for the district within which such award was made." The Court of Appeals for the Second Circuit has held that these provisions empower the federal district courts to confirm and enter judgments upon arbitration awards. *Reed & Martin, Inc. v. Westinghouse Electric Corp.*, 439 F.2d 1268, 1276 (2d Cir.1971). *see also Kallen v. District 1199*, 574 F.2d 723, 726 n. 6 (2d Cir.1978).

The Arbitration Act then provides: Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.... If the adverse party shall be a non-resident, the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. Thus, Congress has manifested its intention to permit a federal court sitting in the district where the arbitration award was rendered to exert personal jurisdiction over the party opposing confirmation, wherever that party may be found.

Respondent's argument that personal jurisdiction must be invoked under the long-arm provisions of the C.P.L.R. expressly presupposes that diversity is the basis of this Court's subject matter jurisdiction. See Resp.Mem. at 6. However, as noted above, subject matter jurisdiction derives from § 9 of the Arbitration Act, and where the federal statute itself provides for the exercise of personal jurisdiction by means of extra-territorial service of process, reference to the C.P.L.R. is unnecessary. Moreover, Hockmeyer's assertion that it lacks constitutionally required "minimum contacts" with the State of New York is unavailing. As the Second Circuit recognized in *Mariash v. Morrill*, 496 F.2d 1138 (2d Cir.1974), it is not the State of New York but the United States which would exercise jurisdiction over respondent, and where, as here, respondent resides within the United States, "the 'minimal contacts' required to justify the federal government's exercise of power ... are present." *Id.* at 1143.

In light of the authorities cited above, the Court perceives only one ground upon which Hockmeyer could possibly challenge personal jurisdiction: the absence of any provision in the parties' collective bargaining agreement "that a judgment of the court shall be entered upon the award." 9 U.S.C. § 9. The agreement here provides only that "[t]he Arbitrator's decision shall be final and binding upon the employees involved and upon the parties to this Agreement." Agreement, Ex. B to Resp. Mem. at § 10. Thus, conceivably respondent could argue that § 9 is inapplicable by its own terms. Respondent has not, in fact, articulated this argument, and the parties have not addressed its merits. Nonetheless, having reviewed the opinion of the Second Circuit in *Kallen v. District 1199*, 574 F.2d 723 (2d Cir.1978), I am satisfied that under § 9, this Court has both subject matter and personal jurisdiction over Hockmeyer despite the absence of any specific provision in the collective bargaining agreement that a court should confirm this award.

In *Kallen*, the Second Circuit was faced with a challenge to the subject matter jurisdiction of a district court in circumstances where the collective bargaining agreement underlying the arbitration award at issue provided only that the award would be "final, conclusive and binding" upon the parties. There was no mention of enforce-

ment by any court, and the employer therefore challenged the applicability of 9 U.S.C. § 9. The Court of Appeals ruled that where the dispute involved interpretation of a collective bargaining agreement governed by federal law, and where the employer had participated fully in the arbitration process, the employer could not avow that the award would be "final, conclusive and binding upon it" without implicitly agreeing that federal court intervention could be sought to compel compliance. 574 F.2d at 276. Accordingly, the court found federal jurisdiction to confirm the award despite the absence of any express agreement between the parties. *See also International Longshoreman's Association v. Hellenic Lines,* 549 F.Supp. 435, 438 (S.D. N.Y.1982).

■ The instant dispute also arises under a collective bargaining agreement, and is therefore governed by federal law. Moreover, Hockmeyer participated fully in arbitration proceedings conducted within this district, and therefore may be deemed to have "implicitly agreed" to the exercise of this Court's subject matter jurisdiction pursuant to § 9 of the Arbitration Act.

■ As subject matter jurisdiction is proper under 9 U.S.C. § 9, it follows that respondent is bound by the personal jurisdiction provision of that section as well. My confidence in this conclusion is bolstered by the fact that a similar result was reached by Judge Pierre N. Leval of this Court in the context of another arbitration dispute between the same parties. *Colavito v. Hockmeyer,* No. 83 Civ. 3139, slip op. at 3 (S.D.N.Y. Sept. 14, 1983) (citing *Kallen* ). Although respondent has indicated that it "disagrees with said decision," Resp. Mem. at 11, it has articulated no reason for its position and I can conceive of none. Accordingly, I conclude that the Court has personal jurisdiction over Hockmeyer and I turn, next, to its contention that Colavito's petition is barred by the statute of limitations.

*Statute of Limitations*

The statute of limitations argument, like the personal jurisdiction argument above, is premised upon respondent's misapprehension that this is a diversity action. Respondent suggests that under *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court must apply the substantive law of New York, which includes New York's choice-of-law rules. It asserts that New York requires the Court to determine "which state has the most significant contacts with the matter in dispute," Resp.Mem. at 13, and then concludes that New Jersey is the logical choice primarily because respondent's plant is there. Hockmeyer characterizes the fact that the arbitration took place in New York as "entirely fortuitous," and urges the Court to adopt New Jersey's three-month limitation period for confirming arbitration awards instead of New York's one-year period. As might be inferred from respondent's raising of the issue, parts of petitioner's action would be barred under the former provision.

■ Having concluded above that § 9 of the Arbitration Act establishes an independent federal basis for this Court's jurisdiction, I must also conclude that respondent's discussion of *Erie* and state statutes of limitation is irrelevant to the instant dispute. Section 9 also provides that "any time within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award." This Court need look no further for the applicable limitation period.

I note that the parties litigated precisely this issue before Judge Leval in *Colavito v. Hockmeyer,* No. 83 Civ. 3139, and that Judge Leval held the Arbitration Act's one-year period applicable on the ground that jurisdiction arose under the federal statute rather than the parties' diversity of citizenship. Slip op. at 4. Notwithstanding respondent's perfunctory expression of disagreement with Judge Leval's ruling, I conclude that Colavito's petition was timely because it was filed within one year of the dates these arbitration awards were rendered.

■ Respondent's counter-petition to vacate the awards, on the other hand, was

untimely, at least with respect to the award rendered by arbitrator George Moskowitz on October 12, 1982. The limitation period for an action to vacate an arbitration award is three months, calculated from the date of the award. *See* 9 U.S.C. § 12; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir.1984). Thus, Hockmeyer's November 7, 1983 filing was untimely with respect to the 1982 award, and the Court will therefore direct that judgment be entered confirming that award.

*Evident Partiality of the Arbitrator*

The Court is now squarely presented with a timely petition to confirm the awards rendered in August and September of 1983, and a timely counter-petition to vacate those awards on the ground of the arbitrator's "evident partiality." Respondent contends that arbitrator Nathan Cohen had an undisclosed pre-existing relationship with the Union that creates a presumption of his bias in this matter. Specifically, Hockmeyer cites the fact that during the tax year ending June 30, 1981, Cohen received $3,106 from the Board of Trustees of the Local 455 Welfare Fund, and $2,417 from the Board of Trustees of the Local 455 Pension Fund, in payment for his services as an arbitrator. Exs. A and B to Resp.'s Counter-Pet. Respondent argues that because these are precisely the funds to which Cohen ordered it to contribute in this action, and because he failed to disclose his pecuniary relationship with the Union at a time when objection could have been raised, his integrity and impartiality have been cast into doubt and the awards should be vacated. In support of its position, Hockmeyer relies primarily on *Commonwealth Coatings Corp. v. Continental Casualty*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968), in which the Supreme Court set aside the award of an arbitrator who had engaged in undisclosed business dealings with one of the parties.

Colavito responds that the funds referred to by Hockmeyer "are not funds of the Petitioner."

> The Local 455 Welfare Fund and The Pension Fund for Iron Workers Local 455 are industry-wide funds which are jointly administered by an equal number of trustees representing Shopmen's Local Union No. 455 and the Allied Building Metal Industries, Inc. (hereinafter "Allied"), an employer association with whom Local 455 has a collective bargaining agreement.

Erenstein Reply Aff. at ¶ 7. According to petitioner, the collective bargaining agreement between Allied and Local 455 specifically designated Cohen as the impartial arbitrator to resolve disputes between the Union and employers concerning contractual obligations to the Funds. *See* Collective Bargaining Agreement, Ex. D to Erenstein Reply Aff. at § 33. Apparently, Cohen did, in fact, serve in the capacity of impartial arbitrator pursuant to that agreement, and the payments made by the bipartisan Boards of Trustees reflected payment for his services. Colavito insists that, contrary to respondent's contention, the existence of this "relationship" demonstrates Cohen's impartiality rather than his bias.

Petitioner also distinguishes this case from those cited by respondent, noting that in each of respondent's cases, the arbitrator's undisclosed business dealings were unconnected with his role as an arbitrator. Colavito suggests that there is no presumption of bias where, as here, an arbitrator has previously acted impartially in proceedings between one of the parties and a third party. *See Colavito v. Joseph Charla Iron Works, Inc.*, No. 15089/79, slip op. (Sup.Ct., N.Y.Co. Sept. 24, 1979) (also involving arbitrator Nathan Cohen).

Petitioner argues, finally, that the awards should be confirmed because Hockmeyer knew of Cohen's relationship with the Union. In support of this contention, counsel has submitted copies of six notices sent to Hockmeyer during 1979 and 1980; each notice advises Hockmeyer of a hearing scheduled before Cohen in connection with delinquent fund contributions. Ex.A to Erenstein Aff. According to counsel, Hockmeyer's president wrote to the Union in response to these notices, and objected to the scheduling of hearings before Cohen on the ground that the collective bargain-

ing agreement between Hockmeyer and the Union provided for the submission of disputes to the American Arbitration Association. Erenstein Aff. at ¶ 5. While petitioner has not provided documentary evidence of these objections, Hockmeyer has not denied that they were raised and has not, to be precise, denied knowledge of Cohen's relationship with the Union. Respondent has simply denied knowledge of Cohen's "financial ties to the funds." Biederman Aff. at ¶ 9.

The burden of proof on a claim of evident partiality falls on the party seeking vacatur of the arbitration award. *Saxis Steamship Co. v. Multifacs International Traders, Inc.*, 375 F.2d 577 (2d Cir. 1967). That party must demonstrate that "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Morelite Construction Corp. v. New York City District Council Carpenters Benefit Funds, et al.*, 748 F.2d 79, 84 (2d Cir.1984). Having reviewed the arguments and evidence submitted by both parties, I must conclude that respondent has failed to meet its burden. In fact, I remain thoroughly unconvinced that Cohen's "financial relationship with the Union" raises even the slightest spectre of bias. To the contrary, I am inclined to agree with Colavito that Cohen's appointment to serve as impartial arbitrator in disputes between the Union and Allied is a testament to his impartiality and integrity. Obviously, Cohen's fees had to come from somewhere, presumably from the parties to the arbitration. Hockmeyer's suggestion that he had some questionable financial relationship with the Union simply because he was paid from a fund administered jointly by representatives of the Union and employers in the industry is feeble at best.

In any event, I am also satisfied that Hockmeyer knew or should have known of Cohen's "connection" with the Union. Under the circumstances, Hockmeyer can be deemed to have waived any objection to Cohen's participation as arbitrator of the instant disputes. Accordingly, the petition to confirm the two awards rendered by Nathan Cohen is granted.

*Attorney's Fees*

Attorney's fees are not ordinarily recoverable by the prevailing party in federal litigation absent statutory authorization for such awards or circumstances suggesting bad faith. The Arbitration Act includes no express provision for attorney's fees in suits to confirm arbitration awards, and I cannot conclude, based upon the facts before me, that Hockmeyer mounted its resistance to confirmation in bad faith. I note, however, that Hockmeyer's total reliance on diversity jurisdiction arguments in the face of Judge Leval's previous ruling that a similar action between the same parties was not exclusively a diversity case, combined with its failure to disclose any grounds for its "disagreement with Judge Leval," is poor practice at best, and might invite a bad faith finding if raised again in future litigation. Moreover, counsel for Hockmeyer should have anticipated that the "evident partiality" argument would not prevail. While it is difficult to conclude that the argument was "frivolous," the Court could readily have drawn the inference that it was raised principally for purposes of delay and with little hope of success.

The Clerk of the Court is hereby directed to enter judgment with costs in favor of petitioner, granting the petition to confirm in all respects and denying respondent's counter-petition to vacate. Each party will bear its own attorney's fees.

SO ORDERED.